IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:05-CR-17-FL-1
NO. 4:15-CV-54-FL

| | | |
|---|---|---|
| SHAUN DERRICK GODLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 60). On August 24, 2015, the government filed a supplemental response to the motion, following Johnson v. United States, 135 S.Ct. 2251 (2015), agreeing that petitioner should be resentenced in light of Johnson. In this posture, the matter is ripe for ruling.

**BACKGROUND**

On April 10, 2006, petitioner pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. On September 20, 2006, the court sentenced petitioner to a term of imprisonment of 180 months, pursuant to 18 U.S.C. § 924(e). Petitioner appealed his judgment, and the United States Court of Appeals for the Fourth Circuit affirmed on December 10, 2007.

Petitioner filed the instant motion on April 2, 2015, raising the following claims: (1) ineffective assistance of counsel for failing to challenge petitioner's status under § 924(e) and other

alleged deficiencies at sentencing (DE 60 at 4); (2) that the facts upon which the court relied at sentencing were untrue and false (DE 60 at 5-6); (3) that petitioner's North Carolina conviction for possession of a short-barreled shotgun did not qualify as a predicate for purposes of § 924(e) (DE 60 at 7); and (4) that petitioner generally was not eligible for enhancement under § 924(e) (DE 60 at 8).

On June 10, 2015, the government filed a response to petitioner's motion, challenging petitioner's first two claims but asking that the court reserve judgment pending the Supreme Court's decision in <u>Johnson</u>. On June 17, 2015, the court stayed this matter pending the Supreme Court's decision in <u>Johnson</u>. On August 24, 2015, the government filed a supplemental response urging the court to deny Petitioner's first and second claims, but grant the petition on the basis of the third and fourth claims. In particular, the government states that, based on <u>Johnson</u>, petitioner is no longer eligible for sentencing enhancement under § 924(e), because the defendant lacks the necessary three predicate convictions to be sentenced under that provision. As a result, the government waives reliance on any procedural defenses and asks this court to vacate Petitioner's sentence and hold a prompt resentencing hearing.

Petitioner filed a supplemental memorandum in further support of resentencing.

**DISCUSSION**

<u>Johnson</u> addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. The residual clause provided that an offense was a violent felony, for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). The court in <u>Johnson</u> held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law."

Johnson, 135 S. Ct. at 2557.

Petitioner's three predicates under § 924(e) were two convictions for indecent liberties with a child and one possession of a weapon of mass destruction (a short-barreled shotgun). (PSR at 4-5, ¶¶ 8-11). Petitioner's predicate conviction for possession of a short-barreled shotgun (PSR at 5, ¶ 11) required reliance on the residual clause to qualify as a violent felony for purposes of § 924(e). Accordingly, given the holding in Johnson, petitioner lacked the necessary three predicate convictions to be sentenced under § 924(e).

Moreover, in light of the improper enhancement under § 924(e), petitioner's sentence exceeded the maximum ten-year sentence authorized by law for a violation of 18 U.S.C. § 922(g)(1), providing an appropriate basis for collateral relief. See United States v. Surratt, ___ F.3d ___, 2015 WL 4591677, at *12 (4th Cir. 2015) ("[A] sentence imposed above the proper statutory maximum might present another instance of an unlawful sentence.").

In sum, where the government waives reliance on any procedural defenses and asks this court to vacate petitioner's sentence and hold a resentencing hearing in light of Johnson, the court will grant in part petitioner's motion and set the matter for resentencing at the next available sentencing term. In light of the resentencing, petitioner's remaining § 2255 claims regarding errors at his prior sentencing will be denied as moot.

## CONCLUSION

Based on the foregoing, petitioner's motion to vacate (DE 60) is GRANTED IN PART and DENIED IN PART AS MOOT. The court VACATES petitioner's judgment entered September 20, 2006, and sets this matter for resentencing. The clerk of court is DIRECTED to schedule and notice a resentencing hearing during the **October 2015** sentencing term, at the United States Courthouse

3

in New Bern, North Carolina. The Federal Public Defender, or designee, is DIRECTED to enter an appearance for purposes of petitioner's resentencing hearing. The government is DIRECTED to ensure petitioner's timely writ, transportation and housing for the re-sentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated presentence report, including recalculation of petitioner's corrected advisory guideline range, within seven days of the date of the resentencing.

SO ORDERED, this the 2nd day of September, 2015.

LOUISE W. FLANAGAN
United States District Judge