UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

U.S.A. vs. Shaun Derrick Godley                                    Docket No. 4:05-CR-17-1FL

### Petition for Action on Supervised Release

COMES NOW Taron N. Seburn, Supervising U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Shaun Derrick Godley, who, upon an earlier plea of guilty to Possession of a Firearm by a Felon, was sentenced by the Honorable Louise W. Flanagan, U.S. District Judge, on September 20, 2006, to the custody of the Bureau of Prisons for a term of 180 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 5 years.

On September 16, 2015, an amended judgment was entered reducing the term of imprisonment to time served, and it was further ordered that the defendant be placed on supervised release for a period of 3 years.

Shaun Derrick Godley was released from custody on September 16, 2015, at which time the term of supervised release commenced.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

The defendant's criminal history includes 1997 and 1998 state convictions for Indecent Liberties with a Minor in Pitt County Superior Court, Greenville, North Carolina (97CRS18811 and 98CRS3094). The probation officer recommends the court strike the condition that the defendant shall further abide by the rules and regulations of the Eastern District of North Carolina Sex Offender Program and in lieu thereof, impose the below specified conditions which have been individualized to meet the specific needs of the defendant.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

2. The defendant shall not enter adult bookstores, sex shops, clubs or bars with exotic or topless dancers, or massage parlors.

3. The defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18), except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of the defendant's conviction or prior history; and (3) with specific, written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen with whom the defendant must deal in order to obtain ordinary and usual commercial services (e.g., waiters, cashiers, ticket vendors, etc.).

Shaun Derrick Godley
Docket No. 4:05-CR-17-1FL
Petition For Action
Page 2

4. The defendant shall have no direct or indirect contact, at any time and for any reason, with the victim(s), the victim's family, or affected parties in this matter unless provided with specific, written authorization in advance by the U.S. Probation Officer.

5. The defendant shall not loiter within 1000 feet of any area where minors frequently congregate (e.g., parks, school property, playgrounds, arcades, amusement parks, day-care centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, and circuses) without prior written permission from the U.S. Probation Officer.

6. The defendant shall not possess any legal or illegal pornographic material, including any materials depicting and/or describing "child pornography" and/or "simulated" child pornography as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be accessed, obtained, or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.

7. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves direct or indirect contact with children under the age of eighteen (18) without written permission from the U.S. Probation Officer. Under no circumstances may the defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of eighteen.

8. At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

9. The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional who is experienced in evaluating sex offenders and who is approved by the U.S. Probation Office.

10. The defendant shall participate in a sex offender treatment program as directed by the U.S. Probation Officer, and the defendant shall comply with and abide by all the rules, requirements, and conditions of the treatment program until discharged. The defendant shall take medications prescribed by the treatment provider.

Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/ Dwayne K. Benfield<br>Dwayne K. Benfield<br>Supervising U.S. Probation Officer | /s/ Taron N. Seburn<br>Taron N. Seburn<br>U.S. Probation Officer<br>201 South Evans Street, Rm 214<br>Greenville, NC 27858-1137<br>Phone: 252-830-2335<br>Executed On: September 30, 2015 |

**Shaun Derrick Godley**
**Docket No. 4:05-CR-17-1FL**
**Petition For Action**
**Page 3**

## ORDER OF THE COURT

Considered and ordered this __1st__ day of __October__, 2015 and ordered filed and made a part of the records in the above case.

_____
Louise W. Flanagan
U.S. District Judge